UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARLENE PRUITT, NEE MCCOY, on behalf of herself and all other similarly situated, | CIVIL ACTION NO. |
| | SECTION: |
| Plaintiff, | JUDGE |
| vs | MAGISTRATE JUDGE |
| SECOND ROUND SUB, LLC and JOHN DOES, | JURY TRIAL DEMANDED |
| Defendants. | |

## CLASS ACTION COMPLAINT

NOW INTO COURT, Plaintiff Darlene Pruitt, nee McCoy ("Plaintiff" or "Ms. Pruitt"), on behalf of herself and all others similarly situated, brings this consumer class against Defendants Second Round Sub, L.L.C. and John Does for violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA") by their routine practice of sending collection letters in the form of Exhibit 1 to persons at Louisiana addresses in violation of 15 U.S.C. §1692e, §1692e(2)(A), §1692e(10), and §1692f. In support of these claims Plaintiff states and alleges as follows:

### JURISDICTION AND PARTIES

1. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1692k, 28 U.S.C. §1331, and other provisions of the law.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

1

## PARTIES

3. Plaintiff Darlene Pruitt, nee McCoy is a resident of Gray, Louisiana and is a "consumer" as that term is contemplated in §1692a(3) of the FDCPA.

4. At all times material hereto, Ms. Pruitt and each member of the class were "consumers" as that term is contemplated in §1692a(3) of the FDCPA.

5. Defendant Second Round Sub, L.L.C. (hereafter "Second Round"), is a debt collection agency located in Texas that is engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

6. John Does are individuals employed by or affiliated with Second Round and engaged in the business of collecting debts and regularly attempt to collect debts alleged to be due another by use of the mail and telephone and are "debt collectors" within the meaning of 15 U.S.C. §1692a(6).

7. At all times relevant hereto the Defendants attempted to collect alleged debts from Ms. Pruitt and each member of the purported class, whereby such alleged debts were incurred for personal, family or household purposes, i.e. – residential utility services.

8. Defendants are entities who contributed to or participated in, or authorized, and/or implemented the policies regarding the acts complained of or conspired with the named Defendants to commit the acts complained of which caused injuries to the Plaintiff and the class. Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts complained of herein.

9. At all times relevant herein, each of the Defendants were, and are now, the agent, servant, employee, and/or other representative of the other Defendants, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants.

10. Any reference hereinafter to "Defendants", without further qualification, is meant by Plaintiff to refer to each Defendant named above.

## FACTUAL ALLEGATIONS

11. Plaintiff Darlene Pruitt, nee McCoy obtained a credit from HSBC METRIS for her personal use, such as groceries, gas, and other personal items (hereinafter, the "Debt").

12. Defendants acquired the Debt and sent Ms. Pruitt a debt collection letter dated June 11, 2019. A copy of said Letter is attached hereto as Exhibit 1.

13. Exhibit 1 lists the balance as $18,831.73.

14. Exhibit 1 states "Save $15,065;38 on vour account!" and "If you pay $3,766.35 by 06/2.7/2019 we will close your account and you will have no further obligation on the account."

15. Exhibit 1 further states "The law limits how long you can be sued on a debt. Because of the age of your debt, Second Round Sub, LLC will not sue you for it, and Second Round Sub, LLC will not report it to any credit reporting agency."

16. Exhibit 1 is confusing and misleading to an unsophisticated consumer.

17. The last payment or charge was made by Ms. Pruitt on the Debt more than 10 years before the date of Exhibit 1.

18. The Debt was time barred.

19. La. Civ. Code art. 3494 provides for a liberative prescription of three years on an open account on a consumer's personal credit card.

20. Exhibit 1 is false and misleading to the least sophisticated consumer because it failed to disclose a) that the alleged Debt was time barred and unenforceable, and b) that any partial payment could reinstate the applicable statute of limitations. *See Daugherty v. Convergent Outsourcing,* Inc., 836 F.3d 507 (5th Cir. 2016).

21. Defendants John Does created, approved, directed, and/or supervised the preparation and sending of letters in the form of Exhibit 1 to Ms. Pruitt and the class members.

22. Ms. Pruitt was confused by Exhibit 1 sent by Defendants.

23. Exhibit 1 created a sufficient risk of harm as contemplated by the FDCPA and constitutes a concrete injury in-fact as articulated in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

## DEFENDANTS' ROUTINE PRACTICES

24. It is and was the routine policy and practice of Defendants to send letters in the form of Exhibit 1 to individuals at Louisiana addresses.

25. It is and was the routine policy and practice of Defendants to attempt to collect alleged debts from persons with Louisiana addresses although the date of default was more than 3 years old without informing the consumer that the debt was time-barred and that even a partial payment would renew the statute of limitations.

## CLASS ALLEGATIONS

26. This action is brought on behalf of a class of similarly situated persons defined as (i) all persons at an Louisiana address (ii) to whom Second Round sent a letter in the form of Exhibit 1 (iii) which were not returned as undeliverable (iv) in an attempt to collect a debt incurred

for personal, family, or household purposes as shown by Defendants' or the creditors' records (v) on which the last payment or charge was made more than 3 years prior to the date of Exhibit 1 (vi) during the one year period prior to the filing of this lawsuit.

27. Based on Defendants' use of letters in the form of Exhibit 1, the class is so numerous that joinder of all members is impractical.

28. There are questions of law and fact common to the class, which common questions predominate over any issues involving only individual class members. The principal legal question is whether Defendants' use of letters in the form of Exhibit 1 violates 15 U.S.C. §1692e, §1692e(2)(A), §1692e(10), and §1692f.

29. Plaintiff's claims and those of the class are based on the same facts and legal theories.

30. Plaintiff will fairly and adequately represent the interests of the class members.

31. Plaintiff has retained counsel experienced in class actions and debt collection abuse cases.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

33. Certification of the Classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

(a) The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

(b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

35. 15 U.S.C. §1692(e)(2)(A) and (10) of the FDCPA provide as follows:

### FALSE OR MISLEADING REPRESENTATIONS

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2) The false representation of—**
   **(A) the character, amount, or legal status of any debt;**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

36. Defendants violated sections (2)(A) and (10) of 15 U.S.C. §1692e by seeking the collection and settlement of consumer debt that was time barred under Louisiana statute of limitations a) without disclosing that the alleged debt was time barred and b) without disclosing that a partial payment on the time barred alleged debt could restart the statute of limitations.

## COUNT II
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

38. 15 U.S.C. §1692f of the FDCPA provides as follows:

### UNFAIR PRACTICES

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

Plaintiff alleges that the Letter constituted unfair practices as it used unfair and unconscionable means to collect a time barred debt without properly providing the statutory validation notice, without properly disclosing the debt is time barred and

6

unenforceable, and without warning the Plaintiff of the danger of a partial payment reinstating the statute of limitations.

## REQUEST FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANTS for the following:

(1) To certify PLAINTIFF'S claims as a class action pursuant FRCP 23;

(2) To Designate PLAINTIFF as the class representative and designate undersigned counsel as class counsel;

(3) To enter judgment that the practices complained of herein are unlawful under the FDCPA and that DEFENDANTS violated the rights of PLAINTIFF and the class under the FDCPA;

(4) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(5) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(6) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANTS;

(7) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(8) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(9)     For any and all other relief this Court may deem appropriate.

Dated: August 8, 2019

Respectfully submitted,

*/s/ Keren E. Gesund, Esq.*
Keren E. Gesund, Esq.
Gesund & Pailet, LLC
3421 N. Causeway Blvd.
Suite 805
Metairie, LA 70002
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com

O. Randolph Bragg, Esq.
Horwitz, Horwitz& Associates
25 East Washington Street, Suite 900
Chicago, IL 60602
Tel: (312) 372-8822
Fax (312) 372-1673
rand@horwitzlaw.com

Attorneys for the Plaintiff and Putative Class